IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHUNTA CHATMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civ. Action No. 3:24-CV-02768-K |
| | § | |
| LGSI EQUIPMENT OF INDIANA, LLC, | § | |
| UNIVERSAL DEDICATED, INC., | § | |
| UNIVERSAL LOGISTICS HOLDINGS, | § | |
| INC., and GENERAL MOTORS, LLC | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Shunta Chatman's Motion to Cap Damages and Remand to State Court (the "Motion")(Doc. No. 15). Defendant General Motors LLC filed a Brief in Opposition to Plaintiff's Motion to Remand (Doc. No. 17) and Defendants LGSI Equipment of Indiana, LLC, Universal Dedicated, Inc., and Universal Logistics Holdings, Inc.'s Response in Opposition to Plaintiff's Motion to Remand (Doc. No. 18). Plaintiff did not file a reply and the deadline to do so has long passed.

"The jurisdictional facts that support removal must be judged at the time of the removal." *Gebhia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Under this general rule, "most post-removal developments—amendment of pleadings to below jurisdictional amount or change in citizenship of a party—will not divest the court of jurisdiction." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987).

1

On November 4, 2024, at 8:49 a.m., Defendant General Motors LLC ("GM") removed this case to federal court on the basis of diversity jurisdiction. *See generally* Doc. No. 1 (notice of electronic filing "at 8:49 AM CST and filed on 11/4/2024"). Defendant GM established that the parties are completely diverse in their citizenship and that the amount in controversy exceeds $75,000. *See* Doc. Nos. 1 & 12; *see also* Doc. No. 10. That same day at 1:10 p.m., Plaintiff filed an amended petition in state court "stipulating and agreeing to not seek a damages or award arising out of the Incident made the basis of this lawsuit of more than $74,999.99." Doc. No. 15 at 1; *see* Doc. No. 12-1 at 114 at 1 (state court time stamp); *see also* Doc. No. 12-1 at 112 (Notice of Removal filed with the state court at 9:16 a.m. on November 4, 2024); 28 U.S.C. § 1446(d) (once notice of removal filed with state court and given to opposing party, removal has been effectuated and "the State court shall proceed no further unless and until the case is remanded). Then, on December 18, 2024, Plaintiff filed this Motion urging the Court to remand this case because she now "agrees and stipulates" to cap her damages at $74,999.99, which, according to Plaintiff, divests the Court of subject matter jurisdiction. Doc. No. 15 at 1-2.

Diversity jurisdiction existed at the time this case was removed to federal court. *See Louisiana v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014) ("[It] is a long-established general rule, holding that jurisdictional facts are determined at the time of removal, and consequently post-removal events do not affect that properly established jurisdiction."). Further, Plaintiff's post-removal attempts to limit her

damages below the jurisdictional threshold amount fail to divest the federal court of subject matter jurisdiction. *See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938) (When "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction."); *see also Gates v. Allstate Tex. Lloyd's*, 267 F. Supp. 3d 861, 871 (W.D. Tex. 2016) ("The [Fifth] Circuit in *DeAguilar* makes clear that, absent a state statute or rule prohibiting plaintiffs from recovering more than initially pleaded in their original complaint, plaintiffs must file a *binding stipulation* with their complaint that they will not accept a sum of damages exceeding $75,000 to avoid federal diversity jurisdiction—not an *allegation within* their complaint that they seek only monetary relief of less than $75,000.").

The Court may exercise subject matter jurisdiction over this matter. Accordingly, the Court **DENIES** Plaintiff's Motion to remand this case. If Plaintiff still desires to cap her damages, she may choose to do so.

**SO ORDERED.**

Signed April 29th, 2025.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE