IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHUNTA CHATMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-2768-K |
| | § | |
| LGSI EQUIPMENT OF INDIANA, LLC, | § | |
| UNIVERSAL DEDICATED, INC. | § | |
| UNIVERSAL LOGISTICS HOLDINGS, | § | |
| INC., and GENERAL MOTORS, LLC, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are: (1) Defendant General Motors LLC's 12(b)(6) Motion to Dismiss ("GM's Motion") (Doc. No. 5); and (2) Defendants LGSI Equipment of Indiana, LLC, Universal Dedicated, Inc., and Universal Logistics Holdings, Inc.'s (collectively, the "Universal Defendants") 12(b)(6) Motion to Dismiss (the "Universal Defendants' Motion") (Doc. No. 7) (together with GM's Motion, the "Motions to Dismiss"). Plaintiff Shunta Chatman ("Plaintiff') did not respond to or otherwise oppose the Motions to Dismiss and the time to do so has long passed. Further, the Court afforded Plaintiff an opportunity to amend her state court petition prior to ruling on the pending Motions to Dismiss so that she could conform her state court pleading to the federal standard and plead her best case. *See* Doc. No. 20. Despite this opportunity to amend, Plaintiff did not file an amended complaint by the deadline and she did not seek an extension of time. For

1

the following reasons, the Court **GRANTS** GM's Motion and the Universal Defendants' Motion and hereby **dismisses** this case in its entirety **with prejudice**.

I.     **Factual and Procedural Background**

Plaintiff alleges that she was injured on March 23, 2021, due to the negligence of GM and the Universal Defendants (collectively, the "Defendants"). *See, e.g.,* Doc. No. 1-3 at 4. (All record page citations herein are to the CM/ECF-assigned page number.) Two days before the applicable statute of limitations ran, Plaintiff sued these Defendants on March 21, 2023, in state court alleging a single claim of negligence. *See generally id.*; *see also* Doc. No. 1 at 1-2. The next day, March 22, 2023, the state court issued citation as to each of the Defendants. *See* Doc. Nos. 1-4, 1-5, 1-6 & 1-7. Plaintiff did not serve the Defendants until October 2024. *See* Doc. No. 1-8 (return of service on GM dated October 22, 2024); Doc. Nos. 1-9, 1-10 & 1-11 (return of service on each of the Universal Defendants dated October 29, 2024).

On November 1, 2024, GM removed this case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Doc. No. 1 at 4; *see also id.* at 3 (each of the Universal Defendants consented to removal). Within one week of removal, Defendants filed their respective Motions to Dismiss. Plaintiff thereafter filed a motion to remand (Doc. No. 15) but did not respond to the Motions to Dismiss. In a memorandum opinion and order, the Court denied the motion to remand, finding subject matter jurisdiction exists over this matter. Doc. No. 19. That same day, the Court entered a separate order acknowledging Plaintiff's failure to respond to the pending Motions to Dismiss but *sua sponte* allowing Plaintiff an opportunity to file an amended complaint so

to conform her state court pleading to the federal standard and to plead her best case. Doc. No. 20 ("In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.") (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). The Court also warned Plaintiff (with emphasis added) that if she "chooses to stand on the adequacy of her Original Petition and the Court finds merit in either/both Motions to Dismiss, Plaintiff will <u>NOT be afforded another opportunity to amend prior to dismissal</u>." *Id.* (citing *Martinez v. McLane*, 792 F. App'x 282, 287 (5th Cir. 2019)). Plaintiff's deadline to file an amended complaint expired on May 13, 2025. Plaintiff's silence and failure to file anything om the docket are construed as choosing to stand on the adequacy of her state court petition and, as warned, she will not be allowed to amend prior to dismissal of her claim.

II.     Analysis

In filing a Rule 12(b)(6) motion, the movant challenges the complaint as factually insufficient to give rise to legal liability of the defendant. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). GM and the Universal Defendants assert in their respective Motions that dismissal under Rule 12(b)(6) is appropriate because it is evident from Plaintiff's state court petition that her negligence claim is barred by the two-year statute of limitations and her petition fails to raise a basis for tolling, and that she fails to plead facts sufficient to

3

establish a negligence claim against Defendants as a matter of law. *See, e.g.,* Doc. No. 5 at 2-4; Doc. No. 7 at 2-4.  As previously stated, Plaintiff did not respond to or otherwise oppose the Motions to Dismiss.  Furthermore, despite the Court's order allowing her an opportunity, Plaintiff chose not to file an amended complaint to address the issues and deficiencies Defendants raised in their respective Motions to Dismiss.  A party's failure to defend a claim in response a motion to dismiss constitutes waiver or abandonment of that claim.  *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) ("Her failure to pursue this claim beyond her complaint constituted abandonment."). Therefore, Plaintiff's lack of response defending her negligence claim in light of the Motions to Dismiss constitutes abandonment of this claim.  *Id.*

Abandonment aside, the Court is compelled for other reasons to grant the Motions to Dismiss on this record.  Plaintiff alleges she was injured as the result of Defendants' negligence on March 23, 2021.  Doc. No. 1-3 at 4.  The statute of limitations for personal injury claims is two years and the record before the Court does not support tolling of this limitations period.  TEX. CIV. PRAC. & REM. CODE § 16.003. Thus, Plaintiff was required to file her state court petition and serve Defendants by March 23, 2023.  Although she filed suit in state court on March 21, 2023, and citations issued on March 22, 2023, Plaintiff did not serve Defendants by March 23, 2023.  The record indicates GM was served on October 22, 2024, and each of the Universal Defendants was served on October 29, 2024—some 17 months after Plaintiff filed her state court petition and after the two-year statute of limitations period ran.

4

"A plaintiff timely brings suit by filing an original petition and serving the defendant with process before the statute of limitations expires." *Tex. State Univ. v. Tanner*, 689 S.W.3d 292, 296 (Tex. 2024). The Texas Supreme confirmed that "suit is not 'brought,' and the statute of limitations is not satisfied, until the plaintiff achieves *both* steps." *Id.* at 300. In other words, "a timely *filed* suit will not interrupt the running of limitations unless the plaintiff exercises due diligence in the issuance and *service of citation*." *Id.* (quoting *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007)).

Late service, however, is not necessarily fatal to the plaintiff's suit. "[L]ate service of process can relate back to the date the petition was filed and thus be considered timely." *Tanner*, 689 S.W.3d at 300. But the Texas Supreme Court emphasized that "[t]his relation-back opportunity is available only if the plaintiff shows that she was diligent in attempting service from the time limitations expired until proper service was finally achieved." *Id.*; *see also id.* ("[E]xercising diligence is merely a means to the end of establishing timely service, the absence of which can doom a plaintiff's claim.").

Defendants challenge Plaintiff's delay in serving each of them with citation in October 2023, 17 months after suit was filed and the statute of limitations ran. The question then is whether Plaintiff exercised diligence in attempting service on Defendants after the limitations period expired. "[A]ny delay in service after limitations has run requires an explanation—and not a conclusory or cursory one, either." *Tanner*, 689 S.W.3d at 299; *see Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009) (whether a plaintiff was diligent is a fact question, but the "plaintiff's explanation may demonstrate a lack of diligence as a matter of law, 'when one or more lapses between service efforts are

5

unexplained or patently unreasonable.'"). It is Plaintiff's burden to "present evidence regarding the efforts that were made to serve [Defendants], and to explain every lapse in effort or period of delay." *Ashley*, 293 S.W.3d at 179. Plaintiff failed to carry her burden.

The Court cannot find Plaintiff was diligent in her efforts to serve Defendants because she did not file a response with any explanation of or evidence showing said diligence and the record does not otherwise demonstrate any diligence by Plaintiff during this 17-month period. *See Tanner*, 689 S.W.3d at 299; *see also Mayfield v. Chevron U.S.A., Inc.*, 2019 WL 125877, at * 4 (E.D. Tex. Jan. 7, 2019) ("Although the 'reasonableness of a plaintiff's delay in serving citation is usually a question of fact,' where 'no explanation consistent with due diligence is offered, the reasonableness of a plaintiff's delay cannot be factually determined.'") (quoting *Butler v. Ross*, 836 S.W.2d 833, 836 (Tex. App.—Houston [1st Dist.] 1992, no writ)). Numerous courts have held that even a few months of unexplained inactivity and delay in serving a defendant demonstrates a lack of diligence as a matter of law. *See Ashley*, 293 S.W.3d at 180-81 (lack of diligence as matter of law where 8-month period with no efforts to serve defendant and 13-month total delay in service); *Mayfield*, 2019 WL 125877, at * 4 (collecting cases). Following this case law, the Court finds a lack of diligence by Plaintiff in attempting to serve Defendants "from the time limitations expired until proper service was finally achieved" some 17 months later. *See Tanner*, 689 S.W.3d at 296.

The Court concludes the "late service of process" on Defendants cannot "relate back to the date the petition was filed and thus be considered timely." *Id.*; *see id.* ("[E]xercising diligence is merely a means to the end of establishing timely service, the absence of which

6

can doom a plaintiff's claim."). Because she did not timely "bring suit" and tolling is not available, Plaintiff's negligence suit is barred by the statute of limitations period and must be dismissed. *See Tanner*, 689 S.W.3d at 296. The Court need not address Defendants' arguments that Plaintiff also fails to plead facts sufficient to establish a negligence claim against each Defendant.

### III.  Conclusion

For the foregoing reasons, the Court **GRANTS** GM's Motion to Dismiss (Doc. No. 5) and the Universal Defendants' Motion to Dismiss (Doc. No. 7). Plaintiff's claim against Defendants is hereby **DISMISSED with prejudice**.

**SO ORDERED.**

Signed June 17th, 2025.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE